A04A1372. THE STATE v. LIN.

(603 SE2d 315)

BLACKBURN, Presiding Judge.

This appeal regards Lin's misdemeanor conviction and sentencing for driving under the influence of alcohol. The State contends, and Lin agrees, that, following Lin's entry of a guilty plea, the trial court erred in illegally sentencing Lin to a term of incarceration and probation totaling less than 12 months, thereby violating the statutory sentencing requirements of the Georgia DUI statute.[1] As the court erred in sentencing Lin, we vacate the sentence and remand the case for resentencing pursuant to OCGA § 40-6-391 (c) (1) (E).

Georgia's DUI statute, OCGA § 40-6-391 (c) (1) (E), provides explicitly that, after the first conviction for driving under the influence, the defendant shall be sentenced to, among other penalties, "*a period of probation of 12 months less any days during which the defendant is actually incarcerated.*" (Emphasis supplied.) Based on this mandate, the legislature's clear purpose was to ensure that anyone convicted of DUI would serve an actual sentence of 12 months of combined confinement and probation, regardless of the fact that there may be factors which would reduce the confinement time which a defendant might serve. Even if the confinement time is reduced, such period of reduction is automatically included under the probation sentence.

In this case, the record shows that, on January 20, 2004, Lin, a political refugee from and legal citizen of Burma, pled guilty to one count of driving under the influence of alcohol and one count of

---

[1] OCGA § 40-6-391 (c) (1) (E).

disobedience of a traffic control device.[2] After the trial court accepted his plea, Lin asked the trial court "to allow him to be sentenced to 11 months and 29 days as opposed to 12 months so as not to endanger him with [U. S. I]mmigration."

In an apparent attempt to accommodate Lin's request, the trial court executed a standard sentencing form, the language of which does not track the mandatory sentencing requirements of OCGA § 40-6-391 (c) (1) (E). The trial court did not sentence Lin to 12 months probation less any time actually served,[3] as required by OCGA § 40-6-391 (c) (1) (E). Instead, the trial judge sentenced him to confinement for 11 months and 29 days.[4]

In a subsequent "Provided that" section of the form, the judge then added, in reference to the initial sentence just imposed, that Lin is to "serve 79 hours *of this sentence* in confinement and may serve the remainder of 11 months and 29 days on probation." (Emphasis supplied.) Clearly, a proper reading of the language involved, while not intended, provides that Lin was sentenced to confinement for 11 months 29 days under the initial sentence, with credit against such sentence for the 79 hours that he had already served, with the remainder of 11 months 29 days to be served on probation. Such a sentence is void, as it violates the maximum 12-month sentence for a misdemeanor conviction under Georgia law.[5]

While it has been argued that the language of the sentence form provides a sentence to Lin of 79 hours confinement, plus 11 months 29 days probation, which sentence would be in excess of 12 months, this is not a reasonable construction of the language involved. Even if the sentence did so provide, then it would be void, as it also violates the maximum 12-month sentence for a misdemeanor conviction under Georgia law.[6]

It is likely that the trial court actually intended to impose a total sentence of 11 months 29 days, as requested by Lin, with confinement to be limited to the 79 hours that Lin had already served, with the remaining balance to be served on probation. A proper construction of the language used, however, does not allow this interpretation, and even if it did, such a sentence would be error, as it would violate the sentencing requirements of OCGA § 40-6-391 (c) (1) (E). While the standard sentencing form used here, along with verbiage errors, greatly contributed to the improper sentence, the major error was the

---

[2] OCGA § 40-6-20. There is no appellate issue as to Lin's plea to running a red light.

[3] Lin actually served 79 hours confinement, for which he was to receive credit.

[4] In the "Sentence" section of the standard form, the trial court entered Lin "is hereby sentenced to confinement for a period of 11 months 29 days in the DeKalb County Jail."

[5] OCGA § 17-10-3 (a) (1).

[6] See OCGA § 17-10-3 (a) (1).

attempt to avoid the application of the sentencing requirements of OCGA § 40-6-391 (c) (1) (E), which the court could not do.

For the above reasons, we must vacate the sentence here, and remand the case to the trial court for resentencing consistent with this opinion.

*Judgment vacated and case remanded with direction. Barnes and Mikell, JJ., concur.*

DECIDED JULY 23, 2004.

*Gwendolyn R. Keyes, Solicitor-General, Andrew R. Fiddes, Assistant Solicitor-General,* for appellant.

*John G. Cicala, Jr.,* for appellee.